UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAUREEN TINLEY,

    Plaintiff,

v.                                                        Case No: 6:23-cv-312-JSS-DCI

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

    Defendant moves to strike Plaintiff's disclosure of Dr. Farhad Booeshaghi as a rebuttal expert. (Motion, Dkt. 37.) Plaintiff opposes the Motion. (Dkt. 41.) Upon consideration, the Motion is denied.

    Absent a stipulation or court order, expert evidence that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

    The court's Case Management and Scheduling Order required Plaintiff's disclosure of expert reports by October 16, 2023, and Defendant's disclosure of expert

reports by November 15, 2023. (Dkt. 15.) Plaintiff disclosed Dr. Booeshaghi for the first time as a rebuttal expert on December 15, 2023, within 30 days of Defendant's expert disclosure. (Dkt. 37-1.) Plaintiff's disclosure was thus timely under Rule 26(a)(2)(D).

Defendant argues that Dr. Booeshaghi must be excluded because he "would be providing testimony that will more than 'solely' rebut the opinions of GEICO's expert and is a not a proper rebuttal witness in this matter." (Dkt. 37 at 11.) However, courts have broadly construed the term "same subject matter" in Rule 26(a)(2)(D)(ii). *See Wanzek Constr., Inc. v. Siemens Gamesa Renewable Energy, Inc.*, No. 6:20-cv-1273-RBD-EJK, 2021 WL 9333859, at *3 (M.D. Fla. Dec. 23, 2021) (collecting cases). Indeed, "[t]he test under Rule 26(a)(2)(D)(ii) is not whether a rebuttal report contains new information, but whether it is 'intended solely to contradict or rebut evidence on the same subject matter' of an opponent's expert report." *Id.* (quoting *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013)).

Upon review of Dr. Booeshaghi's report and Plaintiff's proffered use thereof, the court is satisfied that Dr. Booeshaghi has been properly disclosed as an expert to rebut the testimony of Defendant's experts. For instance, Dr. Booeshaghi proffers opinions regarding causation of Plaintiff's injuries that was the subject of Defendant's expert reports, and concludes that he "respectfully disagree[s] with the defendant's

position that based on the literature . . . 'No mechanism for traumatic disc herniation exists in the subject accident.'" (Dkt. 37-2 at 15.) Plaintiff has thus properly proffered Dr. Booeshaghi as an expert to "rebut the expert opinions provided by Defendant that Plaintiff's injuries to her cervical, and lumbar spine and adjacent segments were caused by degeneration and pre-dated the subject collision rather than having been caused by the September 16, 2021 subject collision[.]" (Dkt. 37-1 at 4); *see, e.g.*, *Adacel, Inc. v. Adsync Techs., Inc.*, No. 6:18-cv-1176-Orl-78EJK, 2020 WL 4588415, at *3 (M.D. Fla. July 9, 2020) ("Importantly, a rebuttal is not limited to the exact terms discussed and addressed by the initial expert and need only be addressing the 'same subject matter' discussed by the underlying expert."). Moreover, any failure to properly disclose Dr. Booeshaghi is largely harmless, as discovery in this matter does not close until August 30, 2024, and any prejudice may be cured by the taking of additional discovery, including deposing Dr. Booeshaghi, well in advance of trial. Fed. R. Civ. P. 37(c)(1); *e.g.*, *Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-cv-1850-T-30TBM, 2017 WL 2172200, at *5 (M.D. Fla. Apr. 19, 2017) (declining to strike expert report where plaintiff "has the opportunity to conduct any discovery, including deposing [expert] if he so chooses; and significantly, the information contained in the rebuttal report appears substantially similar evidence to that which has already been produced").

Accordingly, Defendant's Motion to Strike Plaintiff's Disclosure of Farhad Booeshaghi as a Rebuttal Expert Witness (Dkt. 37) is **DENIED**.

**ORDERED** in Orlando, Florida, on April 16, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record